1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

J & J SPORTS PRODUCIONS, INC.,

Plaintiff,

v.

JOEL CORIA, *et al*.,

Defendants.

Case No.  12-cv-05779-JSW   (NJV)

**REPORT & RECOMMENDATION**

Re: Dkt. No. 26

Plaintiff's Motion for Default Judgment (Doc. 26) was referred to the undersigned on October 6, 2014.  (Doc. 27)  Plaintiff J & J Sports Productions, Inc. brings this action under the Federal Communications Act and the Cable & Television Consumer Protection and Competition Act, and moves for entry of Default Judgment against Defendants Joel Coria ("Coria"), individually and d/b/a Los Pinos a/k/a Los Pinos Taqueria and Vega Mexican Food, Inc., an unknown business entity d/b/a Los Pinos, a/k/a Los Pinos Taqueria ("the Restaurant").  Plaintiff seeks default judgment, an award of statutory and enhanced damages under 47 U.S.C. §§ 605 and 553, as well as damages for conversion under state law.  For the reasons that follow, the court RECOMMENDS the motion be GRANTED in part.

**FACTUAL & PROCEDURAL BACKGROUND**

Plaintiff is a distributor of sports and entertaining programming.  Pl.'s Br. (Doc. 26-1) at 7. Plaintiff purchased the right to broadcast a November 12, 2011 boxing match, *Manny Pacquiao v. Juan Manuel Marquez III WBO Welterweight Championship Fight Program* ("Broadcast"),

including undercard bouts, televised replay, and color commentary. *Id.* Pursuant to the purchase contract, Plaintiff entered into sublicensing agreements with commercial entities to permit public exhibition of the Broadcast. *Id.* On November 12, 2011, investigator David Sims observed the unlawful exhibition of the Broadcast at the Restaurant, located at 1955 Monument Blvd., Ste. 4E, Concord, California 94520. *Id. See also*, Affidavit of Sims (Doc. 26-3) at 3.

Plaintiff filed its Complaint against Defendants on November 9, 2012. (Doc. 1). Defendants were served on January 10, 2013. (Docs. 12 & 13). Defendants failed to file a responsive pleading or otherwise appear and the Clerk of Court entered a default pursuant to Federal Rule of Civil Procedure 55(a) on September 25, 2014. (Doc. 17). Nonetheless, Plaintiff and Defendants subsequently filed a Stipulation of Dismissal, which the district court granted. (Docs. 20 & 21). At Plaintiff's request, the Court subsequently reopened the case due to Defendants' alleged failure to comply with the parties' settlement. (Doc. 19).

Plaintiff now moves for default judgment seeking an award of statutory and enhanced damages in the amount of $14,400, and $2,200 in damages for conversion. Pl.'s Br. (Doc. 26-1) at 15 & 21. Plaintiff served Defendants with the Motion for Default. *See* Proof of Service (Doc. 26) at 4. Defendants have not appeared or responded to Plaintiff's Motion for Default Judgment, and the deadline for opposing the motion has passed. *See* Civ. L.R. 7–3(a). Further, on December 16, 2014, the undersigned held a hearing on the Motion for Default at which Defendants failed to appear. *See* Doc. 31.

## DISCUSSION

### I.     Jurisdiction and Service of Process

A court considering whether to enter a default judgment has "an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Here, the Court has subject matter jurisdiction because Plaintiff's claims arise under federal statutes (47 U.S.C. §§ 553, 605), and personal jurisdiction because it is alleged that

United States District Court
Northern District of California

1

2

Defendants reside and do business in this District.  The Court, moreover, has supplemental

jurisdiction over Plaintiff's state tort claim under 28 U.S.C. § 1367(a).

3

A court is also required to "assess the adequacy of the service of process on the party

4

against whom default is requested."  *Penpower Tech. Ltd. v. S.P.C. Tech.*, 627 F. Supp. 2d 1083,

5

1088 (N.D. Cal. 2008) (internal quotation marks omitted).  Federal Rule of Civil Procedure 4(e)

6

provides that service in accordance with California law is proper.  California authorizes

7

substitute service of process in lieu of personal delivery.  *See* Cal. Code Civ. Proc. § 415.20.

8

Substituted service is allowed when the summons and complaint cannot with reasonable

9

diligence be personally delivered to the person to be served.  Cal. Code Civ. Proc. § 415.20(b).

10

"Ordinarily . . . two or three attempts at personal service at a proper place should fully satisfy the

11

requirement of reasonable diligence and allow substituted service to be made."  *Espindola v.*

12

*Nunez*, 199 Cal. App. 3d 1389, 1392 (Cal. Ct. App. 1988) (internal quotation marks omitted).  To

13

satisfy substituted service, the plaintiff must: 1) leave a copy of the summons and complaint at

14

the defendant's usual place of business in the presence of a person apparently in charge of the

15

business who is at least 18 years of age; 2) inform the person who receives the service of the

16

documents' content; and 3) send the defendant a copy of the documents via first-class mail at the

17

place where the documents were left.  Cal. Code Civ. Proc. § 415.20(b).  Service of a summons

18

19

in this manner is deemed complete on the 10th day after the mailing.  *Id.*

20

Here, Plaintiff's process server unsuccessfully attempted to personally serve Defendants

21

at the Restaurant on at least four separate occasions.  *See* Summons Docs. 12 & 13.  On the last

22

attempt, the process server left a copy of the summons and complaint at the Restaurant with Jose

23

Hernandez, a person purportedly in charge, informed him of the contents, and instructed him to

24

25

deliver the documents to Defendants.  *Id.*  Plaintiff's process server subsequently mailed

26

Defendants a copy of the summons and complaint via first-class mail to the Restaurant's address.

27

*Id.*  Because Plaintiff satisfied the requirements under California Code of Civil Procedure §

28

United States District Court
Northern District of California

3

1    415.20(b), the Court finds that service of process was proper.

2    **II.       Plaintiff is Entitled to Default Judgment**

3              After entry of default, a court may grant default judgment on the merits of the case. *See*

4    Fed. R. Civ. P. 55.  Upon default, all factual allegations in the complaint are taken as true, except

5    those relating to damages.  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir.

6    1987) (citing *Geddes v. United Financial Group*, 599 F.2d 557, 560 (9th Cir. 1977)).

7    Accordingly, the court accepts the facts as set forth in the Complaint.

8              "The district court's decision whether to enter a default judgment is a discretionary one."

9    *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  A court may consider the following

10   factors in determining whether to enter default judgment:

11
12           (1) the possibility of prejudice to the plaintiff[;] (2) the merits of plaintiff's substantive
             claim[;] (3) the sufficiency of the complaint[;] (4) the sum of money at stake in the
13           action; (5) the possibility of a dispute concerning material facts; (6) whether the default
             was due to excusable neglect[;] and (7) the strong policy underlying the Federal Rules of
14           Civil Procedure favoring decisions on the merits.

15   *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  For the reasons discussed below, the

16   majority of these factors support default judgment on two of Plaintiff's claims.

17
18             If the motion for default judgment were to be denied Plaintiff would face prejudice,

19   because it would likely be left without a remedy given Defendants' failures to appear or

20   otherwise defend this action. *See Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177

21   (C.D. Cal. 2002).  The merits of Plaintiff's claims stand uncontested and certainly the Complaint

22   states a claim upon which relief may be granted.  The sum of money at stake, $16,200.00, is

23   comprised of statutory damages and damages for conversion.  The statutory damages requests are

24   well within the amount authorized by Congress.  Further, because Defendants have not answered

25   the Complaint or otherwise appeared in this action, the possibility of a dispute concerning

26   material facts weighs in favor of a default.  Moreover, Plaintiff properly served Defendants and

27   there is no evidence in the record that Defendants' failure to appear and otherwise defend this

28

United States District Court
Northern District of California

4

United States District Court
Northern District of California

action was the result of excusable neglect. Finally, the seventh *Eitel* factor—balancing the policy consideration that whenever reasonably possible cases should be decided on their merits—weighs against default judgment. *Eitel*, 782 F.2d at 1472. Nonetheless, because the majority of other factors weigh in favor of default judgment, the Court recommends that Plaintiff's motion be granted in the amount discussed below.

## III.   Damages

A plaintiff is required to prove all damages sought in the complaint. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 2002). Additionally, no relief sought may be different in kind, or exceed in amount, than that which is demanded in the pleadings. *See* Fed. R. Civ. P. 54(c). If the facts necessary to determine the damages are not contained in the pleadings, or are legally insufficient, they will not be established by default. *See Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

Plaintiff seeks a total of $4,400 in statutory damages under 47 U.S.C. § 605(e)(3)(c), $10,000.00 in enhanced damages under 47 U.S.C. § 605(e)(3)(C)(ii), and $2,200.00 for conversion. In the alternative, Plaintiff seeks the statutory damages under 47 U.S.C. § 533.

### A.   *Plaintiff is Not Entitled to Damages Under 47 U.S.C. § 605*

"Plaintiff may not recover under both 47 U.S.C. § 605 and 47 U.S.C. § 553." *J&J Sports Prods., Inc. v. Sergura, No.* C 12-01702 JSW, 2014 WL 1618577, at *3 (N.D. Cal. Apr. 21, 2014) (quoting *J & J Sports Prods., Inc. v. Ro*, No. 09–02860, 2010 WL 668065, at *3 (N.D. Cal. Feb. 19, 2010). Under section 605 commercial establishments are prohibited "from intercepting and broadcasting to its patrons *satellite* cable programming." *J & J Sports Prods., Inc. v. Mosley*, No. 10–5126, 2011 WL 2066713, at *3 (N.D. Cal. Apr. 13, 2011); *see also* 47 U.S.C. § 605. In contrast, 47 U.S.C. § 553 "prohibits a person from intercepting or receiving or assisting in intercepting or receiving any communications service offered over a *cable* system." *Id*. "A signal pirate violates Section 553 if he intercepts a cable signal, [but] he violates

[Section] 605 if he intercepts a satellite broadcast." *J & J Sports Prods., Inc. v. Manzano*, No. 08–01872, 2008 WL 4542962, at *2 (N.D. Cal. Sept. 29, 2008).

Plaintiff asserts that because there was an allegation of a violation of section 605 in the Complaint, by definition, there was an allegation of a satellite signal interception and because the allegations in the Complaint are to be taken as true, the court can and should award damages under section 605. The court does not agree. District Judge White recently considered this question in *J&J Sports Prods., Inc. v. Sergura, No.* C 12-01702 JSW, 2014 WL 1618577 (N.D. Cal. Apr. 21, 2014) and held that:

> As another court has held in considering a similar request for default judgment: "Plaintiff argues that it 'should not be prejudiced' because it cannot determine the means of transmission, however, if plaintiff wanted to prove this, they could have filed a third party subpoena or requested an order for inspection." *Ro*, 2010 WL 668065, at *3. The court noted that a defendant's default does not eliminate the opportunity to take third party discovery. *Id.*
>
> Here, the private investigator did not note whether the Broadcast was transmitted via a satellite dish or via a cable box. Because Plaintiff did not allege that Defendant intercepted a satellite transmission in its Complaint, it is not a factual allegation that can be taken as true. *G & G Closed Circuit Events, LLC v. Espinoza*, No. 12–06349, 2013 WL 4520018, at *3 (N.D. Cal. Aug. 23, 2013) (citing *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008)). In similar situations courts have found that as between the two it is less likely that a satellite dish was used because "a cable box is more easily hidden." Guzman, 2009 WL 1034218, at *2; see also Mosley, 2011 WL 2066713, at *3; Ro, 2010 WL 668065, at *3. Accordingly, the Court concludes that Plaintiff failed to state a claim for relief under Section 605 . . .

Similarly, the investigator statement in the present case does not establish that the Broadcast was intercepted from a cable or satellite transmission; neither does the Complaint specify whether the Broadcast was transmitted *via* cable or satellite. Indeed, the fact that violations of both 605 and 533 were alleged in the Complaint indicates that Plaintiff is unable to specify the type of transmission. Finally, at the hearing on December 16, 2014, counsel for Plaintiff admitted that Plaintiff was unable to specify the type of transmission. Accordingly, the court finds that Plaintiff has failed to state a claim for relief under section 605.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**B.**      *Plaintiff is Entitled to Statutory Damages Under 47 U.S.C. § 553*

Plaintiff seeks, in the alternative, statutory damages under Section 553.  The court finds

that "Plaintiff has sufficiently alleged a basis for relief under Section 553.[1]  Plaintiff established

through Mr. [Sims's] affidavit that Defendant[s] w[ere] exhibiting the Broadcast without

permission and thus the court finds that Section 553 is the more likely violation." *Sergura,* 2014

WL at *4. (citing *J & J Sports Prods., Inc. v. Man Thi Doan*, No. 08–00324, 2008 WL 4911223,

at *3 (N.D. Cal. Nov. 13, 2008)).

> Under Section 553(c)(3)(A)(ii), Plaintiff is entitled to damages of no less
> than $250, but no more than $10,000, in an amount the Court considers just.  "The
> Court may also enhance the award of damages by up to $50,000 if it finds that the
> conduct was 'committed willfully and for the purposes of commercial advantage or
> financial gain.'" *Seldner*, 2011 WL 2650961, at *1 (quoting 47 U.S.C. §
> 553(c)(3)(B)).  In determining damages under this Section, courts consider a
> variety of factors including "use of a cover charge, increase in food price during
> programming, presence of advertising, number of patrons, number of televisions
> used, and impact of offender's conduct on claimant." *J & J Sports Prods., Inc. v.
> Concepcion*, No. 10–5092, 2011 WL 2220101, at *4 (N.D. Cal. Jun. 7, 2011).
> Courts also consider whether a defendant is a repeat offender.[2]  Additionally, courts
> look to the actual cost of a commercial license, defendant's incremental profits and
> the need to deter piracy.[3]

*Id*. Considering the above referenced factors, Mr. Sims's affidavit, which stated that the

Broadcast was displayed to between 30-32 patrons on two televisions, making the commercial

fee for this Broadcast at the Restaurant $2,200.00, and after comparing these facts with those of

other similar cases in this district, the court finds that Plaintiff is entitled to $2,200.00 in statutory

---

[1] In *G & G Closed Circuit Events, LLC v. Castro*, No. 12–04649, 2013 WL 871913, at *3 (N.D. Cal. Mar. 7, 2013), after the plaintiff failed to satisfy a Section 605 claim, Judge Alsup analyzed the plaintiff's damages under Section 553, notwithstanding the plaintiff's failure to seek damages under Section 553.

[2] *See, e.g., J & J Sports Prods., Inc. v. Paniagua*, No. 10–05141, 2011 WL 996257, at *2 (N.D. Cal. Mar. 21, 2011) (awarding enhanced damages for a repeat offender).

[3] *See, e.g., Mosley*, 2011 WL 2066713, at *5 (calculating actual losses based on the license fee and an estimate of defendant's potential profits*); see also J & J Sports Prods. v. Ho*, No. 10–01883, 2010 WL 3912179, at *1 (N.D. Cal. Oct. 5, 2010) ("[a] traditional method of determining statutory damages is to estimate either the loss incurred by the plaintiff or the profits made by the defendants.") (internal citations omitted).

United States District Court
Northern District of California

damages under Section 553(c)(3)(A)(ii), which represents Plaintiff's actual losses based on the license fee.[4]

**C.**    ***Plaintiff is Entitled to Enhanced Damages under 47 U.S.C. § 553***

Plaintiff also seeks $10,000.00 in enhanced damages.[5]   The Court has discretion to enhance the damages where "the violation was committed willfully and for the purposes of direct or indirect commercial advantage or private financial gain."  47 U.S.C. § 553(c)(3)(B).

> Plaintiff contends that it is impossible that Plaintiff's signal was mistakenly, innocently, or accidentally intercepted. The Court agrees that the evidence supports an inference that Defendants acted willfully in intercepting and exhibiting the Broadcast. Defendant financially benefitted from the illegal interception both by avoiding paying the licensing fee and presumably attracting additional patrons who spent more time in the establishment watching the Broadcast.

*Sergura*, 2014 WL 1618577, at *5.  (citing *J & J Sports Prods., Inc. v. Wood,* No. 11–1160, 2011 WL 6961334, at *6 (N.D. Cal. Nov. 2, 2011) (presumably broadcasting the event would attract additional patrons).   In light of Defendants' affirmative misconduct and in order to deter future willful violations, the Court finds that Plaintiff is entitled to $4,800.00 in enhanced damages, which is double the statutory award.[6]  The court finds that this amount is appropriate given that

---

[4] *See Joe Hand Promotions, Inc*., 2011 WL 2111802, at *5 (awarding $1,000 in statutory damages based on plaintiff's actual losses and $5,000 in enhanced damages under Section 605 when 50 patrons were present and no cover change was imposed); *Mosley*, 2011 WL 2066713, at *5 (awarding $2,500 based on plaintiff's actual losses and $2,500 in enhanced damages under Section 553 when 17 patrons were present and no cover charge was incurred); *Joe Hand Promotions Inc. v. Piacente*, No. 10–3429, 2011 WL 2111467, at *6 (N.D. Cal. Apr. 11, 2011) (awarding $1,000 in statutory damages based on plaintiff's actual losses and $5,000 in enhanced damages under Section 605 when 25 patrons were present and no cover change was imposed); *Ho*, 2010 WL 3912179, at *1 (awarding $1,600 in statutory damages based on plaintiff's actual losses plus $10,000 in enhanced damages under Section 605 when 68 patrons were present and no cover charge was imposed); *Garden City Boxing Club, Inc. v. Lan Thu Tran*, No. 05–05017, 2006 WL 2691431, at *1-2 (N.D. Cal. Sept. 20, 2006) (awarding $1,000 in statutory damages based on plaintiff's actual losses and $5,000 in enhanced damages under Section 605 when 40 patrons were present and a $10 cover charge was imposed); *Kingvision Pay-Per-View, Ltd. v. Chavez*, No. 00–2270, 2000 WL 1847644, at *3 (N.D. Cal. Dec. 11, 2000) (awarding $1,000 in statutory damages based on plaintiff's actual losses and $5,000 in enhanced damages under Section 605 when 40 patrons were present and a $10 cover charge was imposed).

[5] Plaintiff seeks enhanced damages under Section 605(e)(3)(C)(ii).  As discussed, the Court instead analyzes Plaintiff's enhanced damages under Section 553(c)(3)(B).

[6] *See Sergura*, 2014 WL 1618577, at *5;  *see also J & J Sports Prods., Inc. v. Nguyen*, No. 11–05441, 2012

8

1     there is no allegation that Defendant is a repeat offender, there was no coverage charge, there is no

2     evidence that food and beverage prices were increased.

3     **D.**     ***Plaintiff is Entitled to Conversion Damages***

4              Plaintiff has similarly stated a claim for conversion under California Civil
      Code § 3336.  The elements of a conversion claim in California are "(1) ownership
5     or right to possession of property, (2) wrongful disposition of the property right and
      (3) damages."  *G.S. Rasmussen & Assoc. v. Kalitta Flying Serv.*, 958 F.2d 896, 906
6     (9th Cir. 1992).  Plaintiff alleges ownership over the nationwide distribution rights
      for the Broadcast, Defendant[s'] misappropriation of this ownership right through
7     the intentional and unlawful interception of the Broadcast, and damages based on
      the denial of the license fee to which Plaintiff would otherwise have been entitled.
8

9     *Sergura*, 2014 WL 1618577, at *6.  Accordingly, the court concludes that Plaintiff adequately

10    stated a claim for conversion and is entitled to $2,200 in conversion damages (the amount

11    Defendants would have had to pay for the license.). [7]

12                                    **CONCLUSION**

13            For the reasons explained above, the Court RECOMMENDS judgment be entered in favor

14    of Plaintiff against Defendants Joel Coria, individually and d/b/a Los Pinos a/k/a Los Pinos

15    Taqueria and Vega Mexican Food, Inc., an unknown business entity d/b/a Los Pinos, a/k/a Los

16    Pinos Taqueria.  The Court also RECOMMENDS that Plaintiff's motion be GRANTED as to the

17    claim under 47 U.S.C. § 553 and the state tort conversion claim, but DENIED in so far as it seeks

18    relief under 47 U.S.C. § 605.  The Court further RECOMMENDS Plaintiff be awarded a total of

19    $8,800.00 in damages ($2,200 in statutory damages, $4,400 in enhanced damages, and $2,200 in

20    conversion damages).

21

22

23            Any party may file objections to this report and recommendation with the district judge

24    within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);

25
_____
26    WL 6599861, at *5-6 (N.D. Cal. Dec. 17, 2011) (awarding two times the licensing fee "is more than
      adequate and just to compensate Plaintiff for lost profits and to deter Defendant's future infringement.").

27    [7] *See J & J Sports Prods., Inc. v. Coyne*, 857 F. Supp. 2d 909, 919 (N.D. Cal. 2012); *see also Seldner,* 2011
      WL 2650961, at *3; *see also J & J Sports Prods., Inc. v. Basto*, No. 10–1803, 2011 WL 566843, at *2
28    (N.D. Cal. Feb. 14, 2011).

United States District Court
Northern District of California

Civ. L.R. 72-3.  Failure to file an objection may waive the right to review of the issue in the district court.

Dated: January 29, 2015

_____
NANDOR J. VADAS
United States Magistrate Judge

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28